## ISAAC MONTGOMERY v. T. M. LEAVENWORTH.

An appeal cannot be prosecuted by a stranger to the record.

APPEAL from the District Court of the Fourth Judicial District.

On the 23d of March, 1849, Leavenworth executed to one Hoppener, a bond and mortgage for the payment of $7000, with interest; and on the 23d of August following, Hoppener assigned the bond and mortgage to Montgomery; who, in October following, executed a power of attorney to one Grimes, authorizing him to sue and collect the mortgage money, and after paying himself $2000, for which he held Montgomery's note, to hold the balance of the proceeds, subject to Montgomery's order. In January, 1850, Montgomery executed to one Talbot, an order on Grimes, for "the balance of about $5000," of the mortgage money. In April, 1850, Grimes employed attorneys to foreclose the mortgage, by suit in Montgomery's name, agreeing to allow them 10 per cent. on the amount. In May, 1850, Talbot filed a complaint against Montgomery, Grimes, and one Crummer, setting forth the above facts, and the acceptance of the order by Grimes; and stating that the mortgage was being foreclosed, and that Crummer was seeking to recover the mortgage money by process of attachment against Montgomery. Judgment was rendered in November, 1850, in favour of Talbot against Montgomery, for $5000 and interest; and directing the proceeds of the mortgage, after paying the debt to Grimes, and his expenses, to be applied to the payment of Talbot's judgment. While Talbot's suit was pending (in July, 1850,) he assigned his interest in it to one Caranave, subject to an order, (signed by Talbot and Caranave,) on Grimes, in favour of one Hart, for the payment of $1400 out of the mortgage money: and Hart assigned that order to one Beck. The mortgage being foreclosed, the property was sold for $4,600, leaving a balance of $1,488 03, after paying the debt due Grimes, and $460 allowed his attorneys for foreclosing: and the Court, on motion, ordered the balance of $1,488 03 paid

to the attorney of Talbot and Caranave, his assignee: from which order, Beck, the assignee of Hart, appealed.

~ *Chetwood*, *Edwards*, *Rose* and *Turk*, for the appellant, contended that the order was unjust; Talbot and Caranave being estopped from claiming against the order in favour of Hart, for $1400; to which, with interest, Beck was entitled.

*Holland* and *Pillet*, for the respondent. 1st. The order distributing the money, is only interlocutory, and not subject to appeal. 2nd. Beck, the appellant, and Hart, his assignor, not being parties to the actions, neither of them can appeal. Reed *v.* Quigley, 10 Ohio, 445. 3d. The order appealed from, being made under the decree settling the rights of the parties, the Court will not look beyond the decree, to ascertain whether the order is in accordance with their rights.

Justice MURRAY delivered the opinion of the Court. This is an appeal from an order of the Court below, distributing a fund in the hands of the Court. The original suit was brought by Talbot *v.* Montgomery, Grimes, and Crummer. A decree was entered on the 23d of November, 1850, settling the rights of the respective parties; and on the 23d of June, 1851, an order was made to pay Holland and Pillet, (the attorneys for Talbot and Caranave,) $1,488 03, in accordance with said decree. There was no appeal prosecuted from the final judgment of the Court. Beck, who seeks to set the order of the Court aside, was not a party to the record. He holds an order signed by Talbot and Caranave. This order gives him no rights in this suit: and no appeal prosecuted by him can be sustained, as he is not a party to the cause, and must resort to his remedy at law.

Appeal dismissed, with costs.